IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   16-cv-00458-NYW

UNITED STATES OF AMERICA,

      Plaintiff,

v.

BNSF RAILWAY COMPANY,

      Defendant.

_____

**STIPULATION AND ORDER** ~~OF DISMISSAL~~
_____

WHEREAS, concurrently with the lodging of this Stipulation and Order of Dismissal ("Stipulation and Order"), the United States of America is filing a Complaint against BNSF Railway Company ("BNSF"). The Complaint alleges that BNSF is liable for civil penalties under the Clean Water Act arising from:

(i)     BNSF's unauthorized discharge of: (a) approximately 3,750 gallons of diesel on or about March 9, 2010 from a locomotive engine located in Mobridge, South Dakota; (b) approximately 7,400 gallons of diesel and 230 gallons of lube oil on or about May 12, 2010 from locomotive engines located in Wind River Canyon near Thermopolis, Wyoming; (c) approximately 3,000 gallons of diesel on or about February 7, 2012 from a locomotive engine located in Williston, North Dakota; and (d) approximately 200 gallons of diesel on or about June 22, 2013 during the refilling of a locomotive engine located in Minot, North Dakota;

1

(ii) BNSF's failure to prepare adequate Spill Prevention Control and Countermeasure ("SPCC") plans for rail yards in Denver, Colorado; Guernsey, Wyoming; Grand Forks, North Dakota; and Minot, North Dakota (collectively the "Facilities"); and

(iii) BNSF's failure to prepare adequate Facility Response Plans ("FRPs") for rail yards in Denver, Colorado and Guernsey, Wyoming;

WHEREAS, BNSF's responses to the unauthorized discharges were prompt and adequate;

WHEREAS, upon being informed by EPA that the SPCC plans and FRPs for the rail yards identified above were inadequate, BNSF submitted to EPA adequate SPCC plans for the Facilities and adequate FRPs for the rail yards in Denver and Guernsey;

WHEREAS, the parties agree that settlement of this action without further litigation is in the public interest and that entry of this Stipulation and Order is the most appropriate means of resolving this action. Except as otherwise explicitly noted, nothing herein shall be construed as an admission by BNSF as to any of the allegations contained in the Complaint.

NOW THEREFORE, before the taking of any testimony, without trial of any issue of fact or law, and upon the consent and agreement of the parties to this Stipulation and Order, it is hereby agreed and stipulated as follows:

1. BNSF is a corporation that does business in Colorado. At all relevant times, BNSF has owned and operated rail yards in Denver, Colorado; Guernsey, Wyoming; Grand Forks, North Dakota; and Minot, North Dakota.

2. This Court has jurisdiction over the parties to, and the subject matter of, this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 and Sections 309(d) and 311(b)(7)(E) of the Clean Water Act, 33 U.S.C. §§ 1319(d) and 1321(b)(7)(E).

3. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391(b) and 1395(a) and Section 311(b)(7)(E) of the Clean Water Act, 33 U.S.C. § 1321(b)(7)(E).

4. BNSF agrees that the Complaint states a claim for which relief can be granted. BNSF has identified, on the attached signature page, the name and email address of an agent who is authorized to accept service of process by email on behalf of BNSF with respect to the Complaint filed in connection with the lodging of this Stipulation and Order. BNSF waives any objection to service of the Complaint by email to the person so identified.

5. BNSF shall, within 30 days of the date this Stipulation and Order is entered by the Court, pay to the United States a civil penalty in the amount of $600,000.00.

6. The payment shall be made FedWire Electronic Funds Transfer ("EFT") in accordance with instructions provided to BNSF by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the District of Colorado after this Stipulation is entered by the Court and reference DOJ Case No. 90-5-1-1-11246. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which BNSF shall use to identify all payments required to be made in accordance with this Stipulation and Order. The FLU will provide the payment instructions to BNSF's counsel, Matthew Douglas, Arnold & Porter LLP, 370 Seventeenth Street, Denver, CO 80202-1370, matthew.douglas@aporter.com, on behalf of BNSF. Such monies are to be deposited in the Oil Spill Liability Trust Fund pursuant to 33 U.S.C. § 1321(s) and 26 U.S.C. § 9609(b)(8).

7. At the time of payment, BNSF shall send notice that payment has been made (i) to the United States by email at eescdcopy.enrd@usdoj.gov or regular mail at EES Case Management Unit, Environment and Natural Resources Division, U.S. Department of Justice, P.O. Box 7611, Washington, D.C. 20044-7611 and (ii) the National Pollution Funds Center by

regular mail at CG National Pollution Funds Center (CF), Attn: M.V. Warren, U.S. Coast Guard Stop 7605, 2703 MLK Jr. Avenue, SE, Washington, D.C. 20593-7605. The notice of payment shall reference the civil action number assigned to this case and DOJ Case No. 90-5-1-1-11246.

8. If all or any part of the penalty specified in Paragraph 5 is not paid when due, in addition to the amount specified in Paragraph 5, BNSF shall pay a stipulated penalty of $1,000 for each day the payment is late. Further, interest shall accrue on the balance of any unpaid civil and stipulated penalties in accordance with the statutory judgment interest rate provided for in 28 U.S.C. § 1961, commencing on the date that such civil and stipulated penalties become due. BNSF waives any and all objections to the collection of any unpaid amount due under this Stipulation and Order in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and any other applicable statutory authority.

9. The civil penalty and any stipulated penalty paid under this Stipulation and Order shall not be deductible by BNSF or any other person for federal, state, or local tax purposes.

10. Within 30 days after receipt of the civil penalty and any stipulated penalties and interest due under this Stipulation and Order, the United States shall provide notice to the Court of such payment, at which time <u>the Parties will file a Stipulation dismissing</u> the civil claims of the United States for the violations alleged in the Complaint <s>shall be dismissed</s> with prejudice.

11. This Stipulation and Order in no way affects the right of the United States to bring an action for any violation not specifically alleged in the Complaint.

12. Each party shall bear its own costs, expenses and attorney's fees.

13. This Court retains jurisdiction to enforce this Stipulation and Order until such time that the United States provides notice of payment <u>and the Parties stipulate to dismiss the action with prejudice</u> pursuant to Paragraph 10.

4

14. This Stipulation and Order constitutes the entire agreement between the United States and BNSF and supercedes any prior or contemporaneous agreements, discussions or representations, oral or written, with respect to the subject matter hereof.

15. This Stipulation and Order may be executed by the parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

16. The undersigned representatives of BNSF and the Assistant Attorney General of the Environment and Natural Resources Division or his designee each certify that he or she is fully authorized to enter into the terms and conditions of this Stipulation and Order and to execute and legally bind BNSF and the United States, respectively, to it.

### ORDER

As stipulated to and agreed by the parties, IT IS SO ORDERED ~~AND ADJUDGED~~.

Dated:  March 11, 2016         s/ Nina Y. Wang
                               United States Magistrate Judge

THE UNDERSIGNED PARTIES enter into this Stipulation and Order in the matter of <u>United States v. BNSF Railway Company</u>.

**FOR THE UNITED STATES OF AMERICA:**

Dated: 2/18/16

*[signature]*
NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
U.S. Department of Justice

*[signature]*
MARK C. ELMER, Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

THE UNDERSIGNED PARTIES enter into this Stipulation and Order in the matter of <u>United States v. BNSF Railway Company</u>.

**FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:**

Dated: 2/24/16

_____
SUSAN SHINKMAN
Director, Office of Civil Enforcement
U.S. Environmental Protection Agency

THE UNDERSIGNED PARTIES enter into this Stipulation and Order in the matter of <u>United States v. BNSF Railway Company</u>.

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY REGION 8:

Dated: 2/17/16

SUZANNE J. BOHAN
Assistant Regional Administrator
Office of Enforcement, Compliance and Environmental
   Justice
U.S. Environmental Protection Agency, Region 8
1595 Wynkoop Street
Denver, Colorado 80202

OF COUNSEL:

MARGARET J. (PEGGY) LIVINGSTON
Senior Enforcement Attorney
U.S. Environmental Protection Agency, Region 8
1595 Wynkoop Street
Denver, Colorado 80202

THE UNDERSIGNED PARTIES enter into this Stipulation and Order in the matter of <u>United States v. BNSF Railway Company</u>.

FOR DEFENDANT BNSF RAILWAY COMPANY:

Dated: February 1, 2016

JOHN LOVENBURG
Vice President, Environmental
BNSF Railway Company

Dated: 2/1/16

MATTHEW J. DOUGLAS
Arnold & Porter, LLP
Matthew.Douglas@aporter.com
Counsel for BNSF Railway Company
(Agent for service of process pursuant to paragraph 4)